UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY R. WEISS,<br><br>   Plaintiff,<br><br>   v.<br><br>THE SOVEREIGN NATION OF AFGHANISTAN,<br><br>   Defendant. | Case No. 23-cv-02827-HSG<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 8 |

Before the Court is the parties' joint administrative motion to file a document under seal. Dkt. No. 8. For the reasons detailed below, the Court **DENIES** the motion.

**I.   LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public

1  scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*
2  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records
3  may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
4  without more, compel the court to seal its records." *Id.*

5        The Court must "balance[] the competing interests of the public and the party who seeks to
6  keep certain judicial records secret. After considering these interests, if the court decides to seal
7  certain judicial records, it must base its decision on a compelling reason and articulate the factual
8  basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5
9  supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a
10 document or portions of it under seal must explain "(i) the legitimate private or public interests
11 that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less
12 restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1). The request must be
13 "narrowly tailored to seal only the sealable material." *Id.* at 79-5(c)(3).

14       Records attached to nondispositive motions must meet the lower "good cause" standard of
15 Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only
16 tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80
17 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm
18 will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
19 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of
20 harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman*
21 *Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

22 **II. DISCUSSION**

23       The parties filed a joint administrative motion to file under seal Exhibit 1 to the complaint,
24 which is identified as an agreement between Plaintiff and Defendant. Because the complaint is the
25 pleading on which this action is based, the Court applies the "compelling reasons" standard to this
26 motion. *See, e.g., Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2018 WL
27 10454862, at *2 (N.D. Cal. Aug. 31, 2018) (finding compelling reasons standard governed motion
28 to seal portions of the complaint); *In re NVIDIA Corp. Derivative Litig.*, No. C 06-06110 SBA,

2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("While a complaint is not, per se, the actual pleading by which a suit may be disposed of, it is the root, the foundation, the basis by which a suit arises and must be disposed of."). As the Civil Local Rules make clear, "[o]nly in rare circumstances should a party seek to file portions of a pleading or brief under seal." See Civil L.R. 79-5(e).

The parties represent that they are concerned they "will be subjected to exponential degree of spite and scandal if Exhibit 1 is made available to the Taliban and its cronies." Mot. at 3. But the agreement is the entire foundation of Plaintiff's case: Plaintiff alleges that the Sovereign Nation of Afghanistan agreed to pay Plaintiff a large sum of money in exchange for using and occupying his land, but never actually made the payment. The "interest in ensuring the public's understanding of the judicial process and of significant public events," *Kamakana*, 447 at 1179, would be impaired if the fundamental basis for Plaintiffs' claims is redacted from the complaint. And public availability of information about this claim calling for the transfer of $100 million from the public coffers of the Nation of Afghanistan to Plaintiff personally does not further any improper purpose so as to warrant sealing. *See id.* ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.").

### III. CONCLUSION

The Court **DENIES** the parties' administrative motion to file under seal.

**IT IS SO ORDERED.**

Dated: 11/21/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

3